FILED

SEP 28 2007

CLERK OF COURTS
U.S. DISTRICT COURT N.D.O.
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONNELL MITCHELL, | ) | CASE NO. 1:07 CV 2137 |
| Plaintiff, | ) | JUDGE CHRISTOPHER BOYKO |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| SONYA M. ALDRIDGE, | ) | |
| Defendant. | ) | |

On July 17, 2007, pro se plaintiff Donnell Mitchell filed the above-captioned in forma pauperis action against defendant Sonya M. Aldridge. He asserts that Ms. Aldridge conspired with Theresa Franklin to extort $2000 "while on duty at the Cleveland Municipal Clerks Office." Mr. Mitchell asserts this court's jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343 and "42 U.S.C. §§ 12112.2201. 12112.2202. 12121 and 12131. and 42 U.S.C. § 1983." He seeks $2,000,000.00 in "lost revenue."

*Background*

Mr. Mitchell alleges that Ms. Aldridge and her friend, Ms. Franklin, used computers belonging to the City of Cleveland to locate his home address. Once they secured his address, the

two allegedly "coordinated a plan to commit theft from auto 2913.01 against Donnell Mitchell by conspiring with others to break into Donnell Mitchell's work van/vehicle property." (Compl. at 1.) Without providing the dates on which any of these incidents occurred, Mr. Mitchell alleges that Ms. Aldridge conspired with the Cleveland Municipal Clerk's office to "manipulate a disabled person by using coercion which caused irrevisible [sic] damage to their reputation and business." (Compl. at 1.) These alleged acts of extortion allegedly occurred "in exchange for the money they [sic] would stop the erroneous and fradulent [sic] charges that she created with Theresa Franklin." (Compl. at 1.)

For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

*Americans with Disability Act*
*42 U.S.C. §§ 12112, 12121 and12131*

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986): Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Mr. Mitchell has failed to state a claim under the ADA. Section 12112 discrimination must involve a plaintiff (1) who is disabled; (2) who is otherwise qualified for the job, with or without reasonable accommodation; (3) who suffered an adverse employment decision; (4) who the employer knew or had reason to know of his disability; and (5) where, after his termination, the position remained open, or the disabled employee was replaced. Monette v. Elec. Data Sys. Corp., 90 F.3d 1173, 1185 (6th Cir.1996). While it is not necessary to make a prima facie showing of discrimination, Mr. Mitchell's complaint falls well below basic pleading requirements.[2] See FED. R. CIV. P. 8. Not only is there no allegation that he was a qualified employee with a disability, there is no employment relationship between the plaintiff and defendant. Therefore, he cannot seek ADA relief under §12112.

With regard to sections 12121 and 12131 he has also failed to state a claim. There is no section 12121 within Title 42 of the United States Code. Section 12131 sets forth that:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. §12131. Nowhere in the complaint does Mr. Mitchell explain what services, programs

---

[2]Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

FED. R. CIV. P. 8(a).

or activities he was denied, or by what public entity he was deprived of benefits. Nothing in the complaint gives the defendant "fair notice of the basis for petitioner's [ADA] claim[ ]." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002). In short, his complaint simply fails to allege discrimination based on a disability.

The court takes note that Mr. Mitchell has also alleged federal question jurisdiction pursuant to 28 U.S.C. § 1331, as well as general civil rights violations pursuant to 42 U.S.C. § 1983. Even liberally construing the facts in Mr. Mitchell's favor as a pro se litigant, however, the court cannot identify any legal claim over which it has subject matter jurisdiction. Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Inasmuch as Mr. Mitchell's federal claims cannot survive, this court declines to exercise supplemental jurisdiction over any potential state law claims in this case. Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. §1367(c)(3); Gregory v. Hunt, 24 F.3d 781, 790 (6th Cir. 1994)(where no federal claims remain, the district court has discretion as to whether it should dismiss supplemental state law claims).

4

Accordingly, plaintiff's application to proceed in forma pauperis is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

*Christopher A. Boyko*
CHRISTOPHER BOYKO
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.